UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

|  |  |  |
|---|---|---|
| | : | |
| REGINALD CLEMENT, | : | |
| | : | CASE NO. 1:13-CV-00389 |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 1, 16] |
| BENNIE KELLY, Warden, | : | |
| | : | |
| Respondent. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 24, 2013, Magistrate Judge Vecchiarelli recommended the Court dismiss Petitioner Clement's petition for habeas relief brought under 28 U.S.C. § 2254.[1] On October 4, 2013, Petitioner moved to extend the time within which to file objections to the Report and Recommendation.[2] On October 8, 2013, the Court granted the motion for additional time and ordered Petitioner to object to the Report and Recommendation by November 8, 2013.[3] Petitioner Clement did not file an objection by November 8, 2013, and on November 14, 2013, the Court adopted Magistrate Judge Vecchiarelli's Report and Recommendation and dismissed the petition with prejudice.[4]

On November 22, 2013, Petitioner moved to amend the judgment and to have the Court consider objections to the Report and Recommendation.[5] On December 19, 2013, the Court ordered

----

[1] Doc. 10.
[2] Doc. 11.
[3] Doc. 12.
[4] Docs. 13 (opinion and order), 14 (judgment).
[5] Doc. 16.

Case No. 1:13-CV-00389
Gwin, J.

Petitioner to file his objections to the Report and Recommendation.[6]  On December 20, 2013, Petitioner filed objections to the Report and Recommendation.[7]

Having considered Petitioner's objections, the Court **OVERRULES** the objections, **ADOPTS** Magistrate Judge Vecchiarelli's Report and Recommendation, and **DISMISSES WITH PREJUDICE** the petition.  Accordingly, the Court **DENIES AS MOOT** Petitioner's motion to alter or amend the judgment.

The Court incorporates Magistrate Judge Vecchiarelli's thorough recitation of the factual and procedural history of this case.[8]  For claims adjudicated by the state courts on the merits, this Court can only grant relief if the state courts unreasonably applied or decided contrary to clearly established Supreme Court precedent or if the state courts made an unreasonable determination of the facts presented in the state proceedings.[9]

The Court considers Petitioner's objections in turn.

*Partial Default of Ground One*

Petitioner objects to Magistrate Judge Vecchiarelli's recommendation that the Court find his Sixth Amendment claim with respect to Petitioner's statements in the hospital was defaulted.[10]

However, Petitioner did not present his claim that his statement violated his Sixth Amendment rights to the Ohio courts.  He defaulted this claim unless the default is excused.[11]

Although actual innocence may excuse a default, Petitioner's evidence to support his claim

---

[6] Doc. 17.

[7] Doc. 18.

[8] *See* Doc. 10 at 1-14.

[9] 28 U.S.C. § 2254(d).

[10] Doc. 18 at 2-6.

[11] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Case No. 1:13-CV-00389
Gwin, J.

of actual innocence does not show that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[12]  At best, the affidavit merely provides competing evidence to the inculpatory evidence presented at trial.  A reasonable juror could still have found Petitioner guilty beyond a reasonable doubt.

For apparently the first time, Petitioner also says that the Court should excuse his default because it is the product of ineffective assistance of counsel.[13]  In any event, Petitioner cannot show he was prejudiced by the default.  The Sixth Amendment right to counsel only attaches when a defendant is charged.[14]  The grand jury indicted Petitioner on December 15, 2008.[15]  Petitioner made his statement in the hospital on December 3, 2008.[16]  Therefore, Petitioner's Sixth Amendment rights had not attached, and Petitioner suffered no prejudice from failing to bring this ground on appeal.  The Court overrules this objection.

_Default of Ground Twelve_

Clement says the state court denied him due process by failing to grant a motion for a new trial based on new evidence.[17]  The magistrate judge found that this claim was defaulted.[18]  Petitioner objects to this.[19]

Petitioner Clement cites several Ohio state cases suggesting that Ohio law required a hearing

---

[12]/_Schlup v. Delo_, 513 U.S. 298, 327 (1995).

[13]/Doc. 18 at 4-6.

[14]/_Texas v. Cobb_, 532 U.S. 162, 167-68 (2001) (quoting _McNeil v. Wisconsin_, 501 U.S. 171, 175 (1991)) (Sixth Amendment does not attach until "formal charge, preliminary hearing, indictment, information, or arraignment").

[15]/Doc. 8-1 at 6.

[16]/_Id._ at 112.  Petitioner erroneously states that he made the statement on December 3, 2009.  Doc. 18 at 11.

[17]/Doc. 18 at 7-10.

[18]/Doc. 10 at 21-22.

[19]/Doc. 18 at 7-10.

Case No. 1:13-CV-00389
Gwin, J.

on his motion for a new trial.[20]  However, this Court does not sit in judgment of Ohio courts'

decisions on Ohio law unless the decision involves fundamental due process.[21]  Ohio courts have

found that Clement defaulted this claim under Ohio rules of procedure.  And Clement cannot excuse

his default by claiming actual innocence for the reasons explained above.  Therefore, the Court

overrules this objection.

*Merits of Ground One*

      Petitioner objects to the recommendation that the Court find Ohio law reasonably applied

Supreme Court precedent to determine that Petitioner voluntarily waived his *Miranda* rights.[22]

      Petitioner makes a good argument for why he could not voluntarily waive his rights under

the circumstances.  But the Court cannot conclude that Ohio courts unreasonably applied Supreme

Court precedent in finding that he did waive his rights.  The Ohio courts cited valid evidence to

support their conclusion that he voluntarily waived his rights, including the facts that his handwriting

was legible and that he was alert and coherent.[23]  The Court overrules this objection.

*Merits of Ground Two*

      Magistrate Judge Vecchiarelli recommends that the Court deny Petitioner's claim that he was

denied the right to confront witnesses when the state read the prior sworn testimony of a witness into

the record.[24]

      Petitioner's objections fail.  Under Ohio rules of evidence, the prior sworn testimony of a

---

[20]*Id.*

[21]*See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

[22]Doc. 18 at 11-12.

[23]Doc. 8-1 at 136-37.

[24]Doc. 10 at 28-31.

Case No. 1:13-CV-00389
Gwin, J.

witness is admissible as substantive evidence if the prior testimony is inconsistent with present testimony.[25]  And "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."[26]

   *Douglas v. Alabama*[27] does not require a different result.  In *Douglas*, the witness refused to testify, claiming the right to avoid compelled self-incrimination.[28]  The witness, therefore, was not available for cross-examination, so the procedure violated the Confrontation Clause.

   *United State v. Hogan*,[29] from the Fifth Circuit, similarly is inapplicable.  "*Hogan* . . . deals with impeachment under the *Federal* Rules of Evidence, the calling of a witness which the government *knows* may be hostile, and the calling of that witness for the *primary* purpose of eliciting otherwise inadmissible impeachment testimony."[30]  Here, the trial proceeded under Ohio rules of evidence; the government did not know the witness would be hostile because he had provided incriminating testimony before; and the state elicited admissible substantive testimony.  The Court, therefore, overrules this objection.

*Merits of Ground Three*

   Petitioner argues that without an identification his conviction violates due process.[31] Magistrate Judge Vecchiarelli correctly found that there was sufficient evidence for a jury to convict

---

[25] Ohio R. Evid. 801(D)(1)(a).

[26] *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) (citing *California v. Green*, 399 U.S. 149, 162 (1970)).

[27] 380 U.S. 415 (1965).

[28] *Id.* at 416.

[29] 763 F.2d 697 (5th Cir.), *withdrawn in part by* 771 F.2d 82 (5th Cir. 1985).

[30] *Beach v. Humphreys*, 845 F.2d 325, at *4 (6th Cir. 1988) (unpublished table decision) (emphasis in original).

[31] Doc. 18 at 15-16.

Case No. 1:13-CV-00389
Gwin, J.

Petitioner.[32]/  Petitioner incorrectly says that Alfred Rodgers's prior identification of Petitioner cannot count as substantive evidence at Petitioner's trial, and ignores the other evidence noted by Magistrate Judge Vecchiarelli.  The Court overrules this objection.

### Merits of Ground Four

Petitioner objects to the recommendation that the Court find Petitioner did not receive ineffective assistance of counsel in failing to appeal on Grounds Five through Nine.[33]/  Because the Court finds that the underlying claims lack merit, as the Court will explain below, Petitioner cannot show he was prejudiced by counsel's conduct; therefore, the Court overrules this objection.

### Merits of Ground Five

Petitioner says that the trial court should have instructed the jury on lesser-included offenses.[34]/  This argument loses.  Petitioner does not show how the evidence adduced at trial could have supported the lesser offenses of manslaughter and reckless homicide.  A trial court only needs to include a lesser-included offense "when the evidence warrants such an instruction."[35]/  The state courts reasonably found that the evidence presented at trial did not warrant instructions on manslaughter and reckless homicide.  Therefore, the Court overrules this objection.

### Merits of Ground Six

Clement says that the trial court failed to instruct the jury that it could not accept certain witnesses' guilty pleas as substantive evidence of Clement's guilt in violation of due process.[36]/

---

[32]/Doc. 10 at 31-32.
[33]/Doc. 18 at 16-17.
[34]/Id. at 17-18.
[35]/Hopper v. Evans, 456 U.S. 605, 611 (1982).
[36]/Doc. 18 at 18-20.

Case No. 1:13-CV-00389
Gwin, J.

Federal courts can only grant habeas relief to a state prisoner if an improper jury instruction was not only erroneous but was "so infirm that [it] rendered the entire trial fundamentally unfair."[37/]

The jury instruction that was given to the jury instructed the jury to be wary of the testimony of the alleged accomplices because they might have a "special motives in testifying."[38/]   This instruction did not render the trial "fundamentally unfair."   The Court overrules this objection.

Merits of Ground Seven

Petitioner says that the trial court failed to instruct the jury on the appropriate *mens rea* for the crime of aiding and abetting.[39/]  As the Magistrate Judge noted, the trial court instructed the jury to great extent on the fact that the state must prove that Petitioner acted "purposely" to be guilty of aiding and abetting.[40/]  Petitioner still does not acknowledge the trial court made this instruction and does not show how this instruction did not satisfy the trial court's obligation to instruct on the proper *mens rea*.  The Court overrules this objection.

Merits of Ground Eight

Petitioner says that the trial court's instruction on flight from the scene was improper because there was no indication that it was Petitioner who fled and because flight instructions are inherently misleading.[41/]

First, the trial court did not tell the jury that Petitioner fled: the trial court said that "there may be evidence tending to indicate that Mr. Clement fled from the vicinity of the alleged crime," and

---

[37/] *Doan v. Carter*, 548 F.3d 449, 455 (6th Cir. 2008).
[38/] Doc. 8-6 at 49.
[39/] Doc. 18 at 20-21.
[40/] Doc. 8-6 at 47.
[41/] Doc. 18 at 21-22.

-7-

Case No. 1:13-CV-00389
Gwin, J.

instructed the jury that "*[i]f* . . . you find that Mr. Clement did flee from the scene of the alleged crime" the flight might be evidence of consciousness of guilt.[42]  The trial court left whether Petitioner fled to the jury's determination.

Second, an instruction that allows jurors to make their own determination on whether the defendant fled and allows the jury to draw inferences from any flight does not violate the U.S. Constitution.[43]  Therefore, the Court overrules this objection.

*Merits of Ground Nine*

Petitioner asserts a variety of errors that he says show his trial counsel was ineffective.[44] First, the Court has already found that the aiding and abetting jury instruction was proper; therefore, counsel was not ineffective for failing to object to it.

Second, although Wallace possibly improperly identified Petitioner,[45] the trial court held a voir dire and instructed Wallace to answer truthfully that he did not know who the shooter was.[46] The very first question after the voir dire was whether he was able to identify the shooters when he was shown photographs, and Wallace answered that he was not.[47]  Counsel was not ineffective for not continuing to emphasize that the witness could not identify Petitioner where the witness agreed he had been unable to identify the shooters.

And third, the trial court conducted an extensive voir dire to determine whether Dominic's

---

[42]/Doc. 8-6 at 50 (emphasis added).

[43]/*See Burton v. Renico*, 391 F.3d 764, 778-79 (6th Cir. 2004).

[44]/Doc. 18 at 22-23.

[45]/The record is unclear on this point.  No identification is noted in the transcript, but after being asked if the shooter was in the courtroom, the jury was asked to exit, and the court held a voir dire.

[46]/Doc. 8-3 at 66-86.

[47]/*Id.* at 87.

-8-

Case No. 1:13-CV-00389
Gwin, J.

identification of Clement was improper and concluded it was not. Given the extent of the voir dire,

Clement cannot show a reasonable likelihood of success had counsel filed an earlier motion in limine

to suppress the identification.

Accordingly, the Court overrules these objections.

### Merits of Ground Ten

Petitioner says that because he was convicted of murder on Count One of the indictment and

aggravated murder on Count Two of the indictment he should only have been sentenced for murder,

and not aggravated murder.[48]

Petitioner's argument is based on Ohio, not federal, law. Moreover, it is based on

inapplicable Ohio law. *State v. Duncan*[49] and *State v. Carusone*[50] both concern situations where a

jury convicted the defendant of charges that had contradictory elements.[51] Here, a jury could and

did convict Clement of aggravated murder and murder because there were no contradictory elements.

Therefore, the Court overrules this objection.

### Merits of Ground Eleven

Petitioner says that he should have been given discovery about Wallace's identification or

the trial court should have granted a mistrial over the failure to give discovery.[52] Wallace was

unable to identify Petitioner. Even if he initially identified Petitioner, which is a questionable

---

[48]/Doc. 18 at 23-24.

[49]/796 N.E.2d 1006 (Ohio Ct. App. 2003).

[50]/No. C-010681, 2003 WL 832061 (Ohio Ct. App. Mar. 7, 2003).

[51]/*Duncan*, 796 N.E.2d at 1011-12 (voluntary manslaughter occurs when the state proves murder beyond a reasonable doubt and when a defendant proves a mitigating circumstance by a preponderance of the evidence, meaning a defendant cannot be guilty of both); *Carusone*, 2003 WL 832061 at *7-8 (a person cannot be guilty of both reckless homicide and involuntary manslaughter by aggravated menacing because they require two different mental states).

[52]/Doc. 18 at 26-27.

Case No. 1:13-CV-00389
Gwin, J.

proposition, Wallace subsequently testified that he was unable to identify the shooter.  Therefore, there was no need to provide discovery about Wallace's ability to identify Petitioner, and the Court overrules this objection.

**************************

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** in whole Magistrate Judge Vecchiarelli's Report and Recommendation, and **DISMISSES WITH PREJUDICE** Clement's § 2254 petition.  The Court also **DENIES AS MOOT** Petitioner's motion to alter or amend the judgment.  The Court finds that Clement could take an appeal in good faith with regard to his Ground Two claim that he was denied the right to confront witnesses against him when the state read the prior sworn testimony.  Otherwise, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[53]

IT IS SO ORDERED.

Dated: December 26, 2013          s/ _James S. Gwin_
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[53]/28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).